## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-03488-DDD-SBP

KOSMICKI INVESTMENT SERVICES
LLC,

      Plaintiff,

v.

JOSEPH DURAN,

      Defendant.

---

## ORDER ON MOTION FOR SANCTIONS

---

**Susan Prose, United States Magistrate Judge**

      Plaintiff, Kosmicki Investment Services, LLC ("Plaintiff" or "KIS"), is seeking sanctions and a civil contempt order against Defendant Joseph Duran ("Defendant") for failure to comply with the court's October 12, 2023 Order Addressing Discovery Disputes, ECF No. 73 (the "Order"). ECF No. 75 ("Motion for Sanctions" or "Motion"). The undersigned considers the Motion for Sanctions pursuant to 28 U.S.C. § 636(b) and the Order Referring Motion dated December 6, 2023. ECF No. 76. Having reviewed the entire docket and the applicable case law, for the reasons that follow, this court orders that the Motion be **GRANTED in part and**

**DENIED in part.**[1]

## BACKGROUND

This court is tasked with considering whether to impose sanctions and a civil contempt order arising from discovery disputes between Plaintiff KIS and Defendant Joseph Duran. The court foregoes a lengthy recitation of the facts and instead references the Background Section of its previous discovery order addressing the discovery issues (the "Discovery Order"). ECF No. 66 at 1–8.

Plaintiff KIS's Motion outlines four ways in which Defendant Mr. Duran allegedly did not comply with the court's October 12, 2023 Order Addressing Discovery Disputes, ECF No. 73 ("the four components"):

1. "Defendant has not produced a privilege or confidentiality listing," Motion at 2, even though the court ordered Defendant Mr. Duran "to provide a designation of all documents—among those identified as potentially relevant by KIS—that are privileged and/or confidential" by October 18, 2023. Order at 3.

2. "Defendant has not delivered the laptop to Crowe," Motion at 2, even though the court ordered Mr. Duran to "provide Crowe with his Laptop for remediation of these files within 14 days of the date of this order." Order at 4. The Order, therefore, provided Mr. Duran with a deadline of October 26, 2023.

---

[1] "The penalty actually imposed by the Magistrate Judge determines whether the ruling is dispositive in nature." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995) (quoted in *Jama v. City & Cnty. of Denver*, 304 F.R.D. 289, 295 (D. Colo. 2014)). "Magistrate judges have the power to award attorney fees as non-dispositive discovery sanctions under 28 U.S.C. § 636." *Hutchinson v. Pfeil*, 201 F.3d 448 (10th Cir. 1999).

3. "Defendant has not delivered the Memorex Drive to Crowe." Motion at 2, even though the court ordered Mr. Duran "to provide Crowe with the Memorex Drive within 14 days of the date of this Order to be examined and remediated pursuant to the same procedures outlined in the ESI Protocol." Order at 5–6.

4. "Defendant has not provided to Crowe the credentials to access the OneDrive account," Motion at 2, even though the court ordered "that Mr. Duran provide Crowe with his OneDrive access credentials within 14 days of the date of this Order." Order at 6. The Order, therefore, provided Mr. Duran with a deadline of October 26, 2023.

KIS contends that counsel exchanged several emails regarding implementation of the Order and discussed it in person. Motion at 3. KIS also contends that "Plaintiff's counsel also attempted to confer by phone with Defendant's counsel on December 1, 2023, regarding [the] Motion, but was unable to reach him." *Id.* Mr. Duran did not respond to the Motion.

Since Plaintiff KIS filed its Motion on December 1, 2023, it has since filed a Notice with respect to its Motion, informing the court on December 23, 2023, that "Plaintiff properly served the Motion upon Defendant's counsel on December 1, 2023, using the Court's electronic filing system," and arguing that because Mr. Duran had not responded to the Motion by December 22, 2023, it "could be deemed [that he has] waived his right to do so." ECF No. 78 at 1, 3.

The court then held a hearing on the Motion on February 15, 2024. *See* ECF No. 90. Counsel for KIS related that when conferring with opposing counsel before filing the Motion, counsel for Mr. Duran did not provide "any explanation," "so we stand as uninformed." *Id.* at 10:17:30–10:18:00. Additionally, counsel for KIS described an email sent by counsel for Mr. Duran on December 20, 2023, "purporting to provide access to defendant's OneDrive account

and asking whether the laptop needed to be sent to Crowe and indicating that the Memorex drive would be sent to Crowe on the condition that no data is accessed after September 2, 2020," a condition which was not imposed by this court. *Id.* at 10:18:07–10:19:06. Counsel for KIS responded, "providing again the address and then stating the requirements" provided in the Order. *Id.* at 10:19:07–10:20:30. Then, Crowe contacted counsel for Mr. Duran in January 2024, to ask about dual-factor authentication needed for accessing the OneDrive, to which counsel for Mr. Duran did not respond. *Id.*

At the February 15, 2024 hearing, counsel for Mr. Duran "[fell] on [his] sword with respect to not complying with this court's Order" and explained that he "failed to take all the dates in the court's follow-up Order [ECF No. 73] . . . and that fault [was his], not Mr. Duran's. [He] did not give those dates to Mr. Duran." *Id.* at 10:45:20–10:46:22. Counsel for Mr. Duran related that he could hand over the four components that day and that he did not know about the dual-factor authorization for the OneDrive but that he had shared the OneDrive password on December 20, 2023. *Id.* at 10:48:20–10:49:28. He claimed that he had not sent the laptop by the date of the hearing because he never received a response as to where to email the laptop but that he received a response regarding the dual-factor authentication issue. *Id.* at 10:49:27–10:50:25. Counsel for Mr. Duran explained that he did not respond to the Motion because "[he] didn't do those things the court Order required" and did not send the Order to his client. *Id.* at 10:50:44–10:51:40. Counsel for Mr. Duran further explained that he "had no motive to hide any information from anyone [and] no motive to hide any drives from anyone." *Id.* at 10:51:58–10:52:08. He also represented that opposing counsel never asked him for any missing discovery materials. *Id.* at 10:55:20–10:56:35.

Since the February 15, 2024 hearing, both KIS and Mr. Duran have provided status reports to the court regarding the implementation of the Order since Plaintiff KIS filed the Motion. According to Mr. Duran's February 16, 2024 status report, Mr. Duran sent his laptop and (Memorex) thumb drive to Crowe LLP, the expert for the plaintiff, and provided a secondary authorization code to access the OneDrive account on February 15, 2024, the very day of the hearing. *See* ECF No. 91 at 1. KIS confirmed in its February 26, 2024 status report that on February 15, 2024, Crowe informed KIS that it was able to access the OneDrive account, and that on February 26, 2024, Crowe informed KIS that it received Mr. Duran's laptop and Memorex drive. *See* ECF No. 92 at 1.

Following this, Mr. Duran's March 12, 2024 status report informed the court that Mr. William Perrella of Crowe "advised Mr. Duran that remediation was nearly complete and the laptop and Memorex drive would be returned" and "assured Mr. Duran he had everything requested." ECF No. 93 at 1. This status report also stated that Mr. Duran provided credentials to the Google Drive and "all the information he has concerning DropBox." *Id.*

KIS then provided an additional status report on March 23, 2024, informing the court that Crowe had received and analyzed the devices that the court had ordered to be turned over, and that the laptop and Memorex drive had been returned to Mr. Duran. *See* ECF No. 94 at 1. Crowe's analysis found that 326 of the KIS documents on the Memorex Drive had "last access" dates between July 13, 2023, and September 15, 2023; thus, at least some of those documents appear to have been accessed after the court's August 1, 2023 Order Granting Motion to Compel. *Id.* at 2. Additionally, according to Crowe's analysis, "between August 19, 2023[,] and January 9, 2024, 127 files were accessed from Mr. Duran's laptop that matched file names of documents

that were deemed KIS property by the Special Master." Finally, Crowe's analysis found "thirteen files [that] matched either MD5 hash value or file names of the files that the Special Master deemed to be KIS documents" in Mr. Duran's OneDrive account and eight of such files in Mr. Duran's Google Drive. *Id.* at 3. The DropBox matter, KIS informed the court, was still under investigation. *Id.*

Finally, Mr. Duran provided an additional status report on March 27, 2024. *See* ECF No. 95. Mr. Duran informed the court that he did not copy any files to the Memorex drive, that he accessed the Memorex drive periodically to place tax information and other information onto it, and that the only KIS documents he could have accessed were documents forwarded to him by KIS. *Id.* at 1–2. Mr. Duran also conveyed that he had no access to any other client-sensitive information. *Id.* Additionally, Mr. Duran informed the court that "[n]o Dropbox accounts are housing any information belonging to KIS" and provided a list of additional items that "were also remediated although it is unclear why." *Id.* at 4.

## LEGAL STANDARD

Plaintiff KIS seeks sanctions and a civil contempt order against Defendant Mr. Duran pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, which stipulates:

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in

evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Additionally,

Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C). "A Rule 37(b) violation occurs when (1) a prior discovery order was issued, and (2) a party or witness failed to obey an order to provide or permit discovery." *Cronick v. Pryor*, No. 20-cv-00457-CMA-MDB, 2024 WL 50194, at *3 (D. Colo. Jan. 4, 2024) (internal quotations omitted).

The United States Court of Appeals for the Tenth Circuit reviews the district court's imposition of Rule 37(b)(2) sanctions for an abuse of discretion. *See Villanueva Echon v. Sackett*, 809 F. App'x 468, 470 (10th Cir. 2020); *Boxer F2, L.P. v. Bronchick*, 722 F. App'x 791, 797 (10th Cir. 2018). District courts have "very broad discretion to use sanctions where necessary" to ensure "the expeditious and sound management of the preparation of cases for trial." *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1320 (10th Cir. 2011).

Furthermore, the determination "of the correct sanction for a discovery violation is a fact-specific inquiry," and "the chosen sanction must be both just and related to the particular claim which was at issue in the order to provide discovery." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir. 1992) (quoted in *Villanueva*, 809 F. App'x at 471). In considering which Rule 37(b)(2) sanction(s) should remedy violations, the court's "chosen punishment should be no harsher than necessary to remedy the discovery violation and deter future offenses." *Cronick*, 2024 WL at 50194, *3 (citing *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 167 F.R.D. 90, 104 (D. Colo. 1996)). "When the offending party disobeys a discovery order willfully or purposefully, stricter sanctions become appropriate." *Id.* (citing *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 988 (10th Cir. 2006); *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir. 1997)).

The Tenth Circuit has identified five factors that courts should consider when adjudicating a sanctions request pursuant to Rule 37(b)(2): (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *See Ehrenhaus*, 965 F.2d at 921 (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1465 (10th Cir. 1988); *Willner v. Univ. of Kansas*, 848 F.2d 1023, 1030 (10th Cir. 1988)). *See also Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 862 (10th Cir. 2005); *Gates Rubber Co.*, 167 F.R.D. at 102 (observing that the *Ehrenhaus* factors should be considered even in cases that do not involve dispositive sanctions).

## ANALYSIS

Plaintiff specifically requests that the court impose sanctions under Rule 37(b)(2)(A)(i), (ii), (iv), (vi), and (vii). Motion at 6. The proposed sanctions, then, would consist of (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iv) staying further proceedings until the order is obeyed; (vi) rendering a default judgment against the disobedient party; and (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. Plaintiff also specifically requests that the court impose sanctions under Rule 37(b)(2)(C), namely, its attorneys' fees and costs. Motion at 11. This court finds that the *Ehrenhaus* factors favor some sanctions but not all of the above sanctions. In particular, the court finds that Rule 37(b)(2)(C) sanctions are appropriate, while sanctions under Rule 37(b)(2)(A) are not.

***The degree of prejudice to the moving party.*** Plaintiff argues that "Defendant's failure to comply has made it impossible for Plaintiff to prepare its case for trial, or to conclude discovery needed to gather additional evidence to support its claim." Motion at 5. Additionally, Plaintiff argues, "Defendant's failure has . . . required Plaintiff to spend significant time, effort, and funds obtaining multiple orders to try to obtain the required discovery." *Id. See U.S. Commodity Futures Trading Comm'n v. Gramalegui*, No. 15-cv-02313-REB-GPG, 2017 WL 3699884, at *1 (D. Colo. Aug. 28, 2017) ("The magistrate judge certainly was permitted to consider the entirety of defendant's recalcitrant behavior in deciding whether—and what type of—sanctions were appropriate.")

Although Defendant Mr. Duran did not comply with the Order by missing the October 2023 deadlines within it, Plaintiff KIS is no longer waiting for him to produce the four components listed in its Motion. KIS confirmed in its February 26, 2024 status report that, through Crowe, it had received access to the OneDrive account and received Mr. Duran's laptop and Memorex drive. *See* ECF No. 92 at 1. Because of this, Plaintiff's arguments that it is "impossible" to "prepare its case for trial, or to conclude discovery needed to gather additional evidence to support its claim," are moot. Motion at 5. As such, Plaintiff's request that the court impose Rule 37(b)(2)(A)(iv) sanctions, staying further proceedings until the order is obeyed, is no longer appropriate. Staying proceedings at this juncture even though Mr. Duran has already produced the required items to KIS, even if not completed by the deadlines set forth in the Order, would not benefit either party and would instead further impede the just, speedy, and inexpensive determination of this matter.

Likewise, Plaintiff's proposed civil contempt sanction under Rule 37(b)(2)(A)(vii) consisting of daily financial penalties until Defendant complies with the Order, *see* Motion at 12–13, is no longer appropriate. Civil contempt sanctions have "a remedial, rather than a punitive, objective" and may be imposed only (1) to compel or coerce obedience to a court order, or (2) to compensate the moving party for injuries resulting from the disobedient party's noncompliance. *Silva v. Coast to Coast Fin. Sols., Inc.*, No. 14-cv-02584-DDD-KMT, 2020 WL 9432701, at *2–3 (D. Colo. Feb. 10, 2020) (citing *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827–28 (1994); *Acosta v. Paragon Contractors Corp.*, 884 F.3d 1225, 1238 (10th Cir. 2018)). Because the court is already ordering Mr. Duran (in this order) to compensate KIS for the attorneys' fees and costs it incurred in connection with the

noncompliance of the Order pursuant to Rule 37(b)(2)(C), only coercive contempt sanctions are presently at issue. *See id.*

When evaluating coercive sanctions for civil contempt, a court should consider the harm threatened by continued contumacy and the probable effectiveness of any suggested sanction in compelling compliance with its order. *O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1211 (10th Cir. 1992). "The sanction imposed should be no greater than necessary to achieve compliance." *Silva*, 2020 WL 9432701, at *3. Because KIS is no longer waiting for Mr. Duran to provide the four components listed in its Motion, civil contempt sanctions imposed on Mr. Duran to compel obedience to the Order would not be appropriate. *See Beilue v. Int'l Bhd. of Teamsters, Local No. 492*, 13 F. App'x 810, 812 (10th Cir. 2001) (finding that civil contempt orders were appropriate only after the moving party moved for sanctions three times when the disobedient party failed to comply with multiple discovery orders).

*The amount of interference with the judicial process.* Mr. Duran's conduct has impeded the just, speedy, and inexpensive determination of this matter. This court, like KIS, has invested time and resources overseeing the case and attempting to facilitate Mr. Duran's compliance with his discovery obligations. His failure to do so has required the court to review the Motion and hold a hearing specifically on this Motion, in addition to holding other hearings and issuing other orders resolving discovery disputes in this matter. *See* ECF No. 90. Mr. Duran has increased the workload of the court and interfered with the judicial process.

*The culpability of the litigant.* The record in this matter demonstrates that counsel for Mr. Duran is responsible for the delays at issue. Mr. Duran had numerous opportunities to fulfill his discovery obligations; in violation of this court's Order, months passed between the deadlines

provided in the Order and when Mr. Duran finally provided the four components to KIS.

Counsel for Mr. Duran did not respond to the Motion and provided no explanation for his failure

to comply and provide all of the necessary discovery ordered by the court. During the hearing

regarding the Motion, counsel for Mr. Duran conveyed that the "fault [for noncompliance was

his], not Mr. Duran's. [He] did not give those dates to Mr. Duran." ECF No. 90 at 10:45:20–

10:46:22. KIS argues that Mr. Duran's noncompliance, nonresponse to the Motion, and

intervening summary judgment motion were demonstrative of willfulness. *See id.* at 10:31:15–

10:32:15. KIS also argues that because compliance with the Order "was wholly within

Defendant's control, . . . required only a minimal effort on his part [and] Defendant chose to

ignore the Order," his "conduct must be viewed as willful or in bad faith." Motion at 6. Counsel

for Mr. Duran argues that he "had no motive to hide any information from anyone [and] no

motive to hide any drives from anyone." ECF No. 90 at 10:51:58–10:52:08.

However, a motive—or intent—is not required to demonstrate willfulness for purposes of

discerning culpability of the litigant. *See M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869,

872–73 (10th Cir. 1987) (A willful failure is "any intentional failure as distinguished from

involuntary noncompliance. No wrongful intent need be shown.") Where a judge finds no

willfulness, bad faith, or fault, a "broad panoply of unintentional conduct" exists, including

recklessness, gross negligence, negligence, carelessness, inadvertence, or accident. *Gates Rubber

Co.*, 167 F.R.D. at 103. As such, the court's "discretion to impose sanctions for reckless or

negligent misconduct is as broad as the discretion which is accorded for imposition of sanctions

where the misconduct was deliberate and intentional." *Id.* The court finds that even if counsel for

Mr. Duran had not willfully or in bad faith failed to comply with the court's Order, he was, at

minimum, grossly negligent in "fail[ing] to take all the dates in the court's follow-up Order" [ECF No. 73] into account and in not following the Order's requirements until several months after the deadlines set forth within it. ECF No. 90 at 10:45:20–10:46:22. *See, e.g., Swan Glob. Invs., LLC v. Young*, No. 18-cv-03124-CMA-NRN, 2019 WL 2171457, at *5 (D. Colo. May 17, 2019) (finding that "while Plaintiff is certainly culpable for its conduct, the record does not contain sufficient evidence to support the conclusion that Plaintiff or its counsel acted in bad faith. Rather, the record suggests that Plaintiff's conduct is more attributable to negligence," even after plaintiff failed to appear at two hearings and failed to comply with court orders, and that "the imposition of sanctions less than dismissal with prejudice appear to have been an effective means of incentivizing Plaintiff to modify its conduct.")

*The court's warnings.* Rather than assume Mr. Duran would not comply with his discovery obligations, the court strove to make Mr. Duran's compliance with his discovery obligations, particularly with respect to producing his personal laptop, result in as "minimal disruption to Mr. Duran's life" as possible. ECF No. 71 at 4-11. During the hearing regarding the Motion, the court discussed the possibility of sanctions against Mr. Duran, specifically including dismissal, and Mr. Duran's counsel understood the warning and argued against dismissal. *See* ECF No. 90 at 11:01:52–11:02:20. While the Order did not include an explicit warning that failure to comply could result in sanctions against Mr. Duran, *see* Order, an explicit warning is not required. *See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1149 (10th Cir. 2007) ("[W]hen we have concluded that *Ehrenhaus*'s notice prong has been met, the trial court has indeed expressly identified dismissal as a likely sanction. . . . However, we have never declared this form of express notice to be the minimum standard for satisfaction of the notice

prong.").

*The efficacy of lesser sanctions.* Plaintiff KIS specifically seeks a Rule 37(b)(2)(A)(vi) sanction—rendering a default judgment against the disobedient party—while admitting that it would be "a severe penalty." Motion at 6. A default judgment "represents an extreme sanction appropriate only in cases of willful misconduct." *Ehrenhaus*, 965 F.2d at 920. Further, "[b]ecause dismissal with prejudice defeats altogether a litigant's right to access the courts, it should be used as a weapon of last, rather than first, resort." *Id*. (internal quotation marks omitted).

In the cases reviewed by this court where the Tenth Circuit has expressly upheld dismissal, there have been aggravating factors, such as: (1) multiple previously filed (and previously dismissed) actions involving the same conduct (*Schroeder v. Southwest Airlines*, 129 F. App'x 481, 485 (10th Cir. 2005)), (2) loss of evidence as a result of the discovery delays (*Ecclesiastes 9:10-11-12, Inc.*, 497 F.3d at 1150), and (3) not only multiple missed deadlines but also a failure to produce the required items as of the date of the recommendation, as well as a failure to appear before the court (*Chicago Ins. Co. v. Hamilton*, No. 09-cv-01815-LTB-MJW, 2010 WL 2541133, at *3 (D. Colo. May 26, 2010), *report and recommendation adopted*, 2010 WL 2540963 (D. Colo. June 18, 2010), *aff'd*, 422 F. App'x 740 (10th Cir. 2011). Such aggravating factors are not present here.

Additionally, to support its argument that "a lesser sanction would not be commensurate with the degree of misconduct nor effective to remedy the prejudice to Plaintiff from Defendant's disobedience," Motion at 9, KIS cites *Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153 (10th Cir. 2013). In that case, however, the court entered default judgment against the

disobedient party after the disobedient party was repeatedly warned and after the prevailing party had filed three motions for sanctions. *See Klein-Becker USA, LLC,* 711 F.3d at 1160. The magistrate judge granted the second motion, ordering the disobedient party to pay the moving party's expenses related to its motions to compel and for sanctions, as well as to provide a privilege log and dates on which the disobedient party could be available for a deposition. *See id.* The disobedient party continued to fail to comply with the court's requirements, and so the moving party filed a third motion for sanctions, which the court granted, resulting in default judgment against the disobedient party. *Id. See also Wayne v. Apogee Retail, L.L.C.*, No. 11-cv-01157-JLK-CBS, 2012 WL 3038854, at *5 (D. Colo. Apr. 24, 2012), *report and recommendation adopted as modified*, 2012 WL 3038759 (D. Colo. July 24, 2012) (finding dismissal as an appropriate sanction after the disobedient party failed to serve responses to interrogatories, failed to produce documents identified in her Rule 26(a)(1) disclosures or in response to defendant's document requests, failed to respond to defendants' efforts to schedule her deposition, failed to comply with the court's orders concerning discovery, failed to respond to the court's order to show cause, failed to prosecute, and failed to appear at a hearing).

The court therefore finds that dismissal with prejudice is "too harsh a remedy at this stage." *Rodriguez-Diaz v. Gallegos Masonry Inc.*, No. 12-cv-03015-MEH, 2013 WL 1397291, at *5 (Apr. 5, 2013) (quoted in *Rivera v. Univ. of Colorado Hosp. Auth.*, No. 22-cv-01938-CNS-SBP, 2023 WL 7307951, at *2 (D. Colo. Oct. 19, 2023), *report and recommendation adopted*, 2023 WL 7299806 (D. Colo. Nov. 6, 2023)); *see also Pinkstaff v. Black & Decker (U.S.) Inc.*, 211 P.3d 698, 704 (Colo. 2009) ("denying Defendant–Petitioners their day in court is not the 'least severe sanction' commensurate with either the prejudice caused to Plaintiff–Respondent or

the culpability of Defendant–Petitioners"). Considering the *Ehrenhaus* factors, the degree of prejudice to the moving party is such that Plaintiff's preparation for trial has only been delayed and is no longer "impossible" as described in the Motion, *see* Motion at 5, and the extent of interference with the judicial process, culpability of Mr. Duran, and warnings provided to him do not weigh in favor of the "extreme sanction" of default judgment, "a weapon of last, rather than first, resort," when the efficacy of lesser sanctions must be considered. *Ehrenhaus*, 965 F.2d at 920.

Likewise, the court finds that only more egregious conduct on the part of Mr. Duran than what he has exhibited to date would warrant Rule 37(b)(2)(A)(i) and (ii) sanctions. These subparts of the rule would direct that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as well as prohibit the disobedient party from supporting or opposing designated claims or defenses or from introducing designated matters in evidence. *See Mitcham v. Americold Logistics, LLC*, No. 17-cv-00808-WJM-NYW, 2017 WL 4163359, at *4–6 (D. Colo. Sept. 20, 2017) (imposing Rule 37 sanctions of attorneys' fees and costs but declining to impose an adverse inference instruction if the case were to go to trial and a cross-examination about the spoliation after plaintiff destroyed an original copy of her journal after filing the lawsuit); *Zbylski v. Douglas Cnty. Sch. Dist.*, 154 F. Supp. 3d 1146, 1172 (D. Colo. 2015) ("Without a showing of bad faith, a district court may only impose lesser sanctions" than adverse inference sanctions) (citing *Henning v. Union Pacific R. Co.*, 530 F.3d 1206, 1220 (10th Cir. 2008)); *Genova v. Banner Health*, No. 11-cv-01139-RBJ-MJW, 2012 WL 2340122, at *4 (D. Colo. June 7, 2012) (finding that "the Court prefers to make a determination as to whether bad faith has been shown, whether an instruction on the subject is warranted, and, if so, whether

the instruction should direct the jury to draw an adverse inference in the context of the evidence actually presented and admitted during the trial"); *Alvariza v. Home Depot*, 240 F.R.D. 586, 590 (D. Colo. 2007), *aff'd*, 241 F.R.D. 663 (D. Colo. 2007) (finding that "some intentional misconduct is required to justify the sanction of a negative inference"). *Cf. Boxer F2, L.P.*, 722 F. App'x at 795–99 (finding that the district court did not err in upholding Rule 37(b)(2)(A)(i) sanctions order against a party because even after a conditional order of sanctions, another court order, an on-site inspection, and a full evidentiary hearing, that party produced several untimely or incomplete productions, which "frustrated [the other party's] preparation for trial"); *US Commodity Futures Trading Comm'n v. R2 Capital Grp. LLC*, No. 14-cv-02182-MSK-KLM, 2017 WL 4350364, at *3 (D. Colo. Jan. 11, 2017) (granting motion for Rule 37(b)(2)(A)(i)-(iii) sanctions because the defendant "failed to participate in the discovery process at all" since the action was filed and failed to obey several court orders, amounting to "repeated inaction" that resulted in prejudice to plaintiff in the form of delay, its inability to prepare its case, and "substantial interference with the judicial process") (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Guar. Bank & Tr. Co.*, No. 13-cv-00926-LTB-KLM, 2015 WL 920578, at *2 (D. Colo. Mar. 2, 2015)).

***Fees and expenses resulting from this matter.*** KIS has had to spend time and funds pursuing this matter due to Mr. Duran's failure to comply with the Order's deadlines. Pursuant to Fed. R. Civ. P. 37(b)(2)(C), unless a failure to comply with a discovery order is "substantially justified"—and Mr. Duran, through his counsel, did not substantially justify his failure to comply with the order—the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees, caused by the failure. Therefore,

the court finds that *Mr. Duran or his counsel, jointly and severally*, must pay for these expenses and explicitly warns that "any continued recalcitrance with engaging in the discovery process in good faith may lead to more severe sanctions." *Geiger v. Z-Ultimate Self Def. Studios LLC*, No. 14-cv-00240-REB-NYW, 2015 WL 1598092, at *11 (D. Colo. Apr. 9, 2015) (awarding reasonable expenses and attorneys' fees to be paid to plaintiffs pursuant to Rule 37, noting that the award would be made jointly and severally against defendants and their lawyers, and declining to treat the disobedient party's failure as contempt of court); *see also Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1229 (10th Cir. 2015) (imposing monetary sanctions on the disobedient party's attorney, noting that "[c]ounsel has an obligation to assure that the client complies with discovery obligations and court orders and, thus, careful inquiry by counsel is mandated in order to determine the existence of discoverable documents and to assure their production") (cleaned up) (quoting *Resolution Trust Corp. v. Williams*, 162 F.R.D. 654, 658 (D. Kan. 1995)); *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 682 (10th Cir. 2012) (finding that the moving party is entitled to an attorney-fee award even though its lawyers were working under a fixed fee agreement).

KIS argues that Mr. Duran's actions in "failing to comply with discovery requests," "taking actions contrary to the Court's prior orders regarding copying the retaining copies of Plaintiff's confidential information," necessitating court involvement and two Special Master reviews, and "ultimately refusing to comply with the Court's Order" unnecessarily increased the cost of litigation for Plaintiff. Motion at 11. As a result, Plaintiff requests that the court enter an order awarding Plaintiff "reasonable attorneys' fees and costs incurred in obtaining the Order, and in the following actions here to enforce it," as well as "all costs paid to Crowe to do the

analysis and remediation of Defendant's electronic devices and the unauthorized copies of Plaintiff's confidential data Defendant made even after this Court's orders entered precluding him from doing so." Motion at 12. The court concludes that an award of fees and costs for the expenses that KIS incurred in connection with the above would be appropriate. *See, e.g.*, *Turner v. Chipotle Mexican Grill, Inc.*, No. 14-cv-02612-JLK, 2020 WL 9432703, at *4 (D. Colo. Aug. 4, 2020) ("As the Special Master explained, 'allowing the Non-Responders to provide responses which would then amount to nearly a six-month delay will reward the Non-Responders' lack of diligence . . . [and] cause Chipotle to incur substantial costs and [attorney] fees . . . for . . . [the] additional responses received.'").

However, the court is not authorized to impose any additional non-compensatory fines on Mr. Duran. *See Law v. Nat'l Collegiate Athletic Ass'n*, 134 F.3d 1438, 1444 (10th Cir. 1998) (reversing the district court's sanctions order because neither the disobedient party nor its counsel "had adequate notice that they might be held in criminal contempt and liable for noncompensatory monetary sanctions," since a surcharge above plaintiff's actual costs was neither compensatory nor avoidable by complying with the court's order and would therefore be considered a criminal contempt order). But this is not to suggest that the conduct of Mr. Duran and his counsel warrants praise. **The court warns that if KIS moves for sanctions again if Mr. Duran, through his counsel, continues to not comply with the court's orders, the court will impose more severe sanctions against Mr. Duran, up to default judgment.**

## CONCLUSION

Accordingly, having considered the circumstances of this case, as well as the Motion and Notice, for each of the reasons stated above, this court orders that:

1.  Plaintiff KIS's Motion (ECF No. 75) be **GRANTED in part and DENIED in part**.[2]

2.  Sanctions be imposed against Defendant Mr. Duran and his counsel, jointly and severally, in the form of expenses and reasonable attorneys' fees.

3.  Plaintiff KIS shall submit to the court a form of proof detailing its expenses and reasonable attorneys' fees incurred within 30 days from the date of this Order, complying with the requirements of D.C.COLO.LCivR 54.3. Mr. Duran and his counsel shall have 30 days from the date on which KIS files the form of proof to respond with any objections to the expenses and reasonable attorneys' fees detailed therein. This court will rule on any objections.

4.  Defendant Mr. Duran and his counsel, jointly and severally, shall pay the sum of Plaintiff KIS's expenses and reasonable attorneys' fees sought to KIS within 45 days of the date that Plaintiff submits its proof of expenses and attorneys' fees, or if Defendant or his

---

[2] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").

counsel object to the claimed expenses or fees, then within 45 days of the date that this

court rules the objection(s). Defendant promptly thereafter shall file a written notice in

this case stating that full payment has been made.

DATED: May 13, 2024                              BY THE COURT:

                                                 _____

                                                 Susan Prose
                                                 United States Magistrate Judge