IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-03488-DDD-NRN

KOSMICKI INVESTMENT SERVICES,

LLC,
a Colorado limited liability company,

    Plaintiff,

v.

JOSEPH DURAN,

    Defendant.

---

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES AND COSTS**

---

COMES NOW, the Defendant, Joseph Duran, by and through his counsel of record, Randall J. Paulsen of Paulsen & Associates, P.C., and respectfully submits his OBJECTIONS TO PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES AND COSTS.

    As grounds, therefore, Defendant states as follows:

1.    In this case, the defendant failed to comply with the court's order of October 12th, 2023, to produce a laptop computer, a Memorex drive, and a secondary authorization to access a Microsoft OneDrive to Plaintiff's expert Crowe for examination and remediation of data alleged to be the property of the Plaintiff.   As counsel for the defendant advised the court on February 15th, 2024, during a hearing to address the issue, the failure was not the defendants, but counsel for the defendant who failed to provide the defendant with the dates for compliance.  The order was issued on October 12th, 2023, and the defendant had 14 days to comply or until October

26th, 2023.

2.     Immediately after the hearing on February 15th, 2024, all of the deficiencies were cured and the defendant provided a status report to the court.

3.     The magistrate issued an extensive order dated May 12th, 2024, addressing the issues, directing, among other things, the plaintiff to demonstrate its reasonable attorney's fees and costs incurred as a result of the failure of counsel for the defendant to respond as required by the October 12th, 2023, order.

4.     Once the plaintiff's request for attorney fees and costs, was received, the magistrate allowed the defendant 30 days within which to object to the Form of Proof and request for attorney fees and costs. The plaintiff filed its request on June 12th, 2024.

5.     This objection to the attorney's fees and costs is filed in response to the plaintiff's Form of Proof and the attached exhibits.

6.     The plaintiff's request $150,953.25 in attorney's fees, costs and Special Masters fees. Their request is broken down into three time periods: 1) October 31, 2021, through October 12, 2023; 2) October 12, 2023, through February 26, 2024, and 3) February 26, 2024, through May 25, 2024.

7.     During the first period, which predated the defendant's failure to comply with the order of October 12th, 2023 by 14 days because compliance wasn't due until October 26th, 2023, the plaintiff requests $100,444.99. This is comprised of $62,457.99 in costs paid to Crowe, $11,800 in Special Masters fees, and $26,187.00 in attorney's fees, totaling $100,444.99.

8.     All of the foregoing attorney's fees, costs, and Special Master's fees were incurred prior to any foul committed by counsel for the defendant and are unrelated to any costs or attorney's fees incurred by the plaintiffs as a result of counsel for the defendant's failure to comply with the

order.

9.  Counsel for the plaintiff in his Form of Proof, "provides a worksheet detailing the attorneys' fees and costs allocable to Plaintiff "under the Sanctions Order" for the period of time commencing on "October 31, 2021, when Plaintiff's expert first discovered that Defendant had stolen the Plaintiff's data".[1] The Sanctions Order does not so state. Rather, the Sanctions Order awards "reasonable attorneys fees" and costs associated with counsel's failure to adhere to the order of October 12th, 2023. Nowhere does the Magistrate's order backdate costs, Special Masters fees or attorney's fees to October 31st, 2021, two years prior to the court's order of October 12th, 2023 which is in question here.

10. The Special Master was appointed by former Magistrate Neureiter and the cost of the Special Master was split between the parties. Each paid $11,800.

11. The plaintiffs chose to obtain an expert and now seek to have the defendant pay the total cost of their expert as a result of the defendant's failure to timely respond to the court's October 12th, 2023, order. The defendant believes it would be appropriate to pay costs directly related or even incidentally related to failure to comply with the court's October 12th, 2023, order. That's only fair, it was counsel's mistake. Those costs appear to be $1,843.76 charged during the second period referenced in the plaintiff's Form of Proof between the dates of October 12th, 2023 and February 26th, 2024. As the court will recall, on February 15th, 2024, the defendant made sure he was in compliance with all requirements of the court's October 12th, 2023 order.

---

[1] Mr. Duran did not steal any data from KIS. He was given specific authorization to access the desktop computer he used and he, to the exclusion of all others had the password. He did not access any other KIS devices. KIS emailed Mr. Duran's Redtail Files to him in PDF format and those showed up on his desktop and all devices to which his desktop was copied. These Redtail files were ostensibly labeled as KIS property, but they were not. Mr. Duran possessed no KIS confidential information—full stop. Plaintiff's expert was provided none of this information and was told Mr. Duran was an employee, not a partner. To date, having had access to the Seagate drive, the desktop, Mr. Duran's laptop (twice), his OneDrive, and the Memorex drive, not a single piece of KIS property has been identified as inappropriately acquired by Mr. Duran.

12. To be sure, counsel for Mr. Duran made a mistake by failing to ensure the order of October 12th, 2023, was complied with. His mistake caused a delay between October 26th and February 15th, 2024. On that day, the mistake was remedied. The delay was about 110 days. Other than the delay, no damage was caused and the plaintiff had the full opportunity to examine and evaluate everything it requested.

13. Again, to be sure, the plaintiff was required to file a motion to bring this matter to the court's attention. Counsel for the defendant did not oppose the motion because he recognized his mistake and accepted responsibility for it. Similarly, counsel for the plaintiff had to attend a hearing and travel to the hearing and back. This is all fair game under the Loadstar analysis. $250.00 to $400.00 per hour is apparently acceptable in the community, so counsel won't argue otherwise. This too is reasonable under the Loadstar analysis.

14. However, the Plaintiffs are requesting 176.3 hours of attorney time and an additional 8.3 hours of paralegal time to essentially prepare a single motion and attend an hour-and-a-half hearing. On top of these amounts, the request an additional $80,276.64 in expert fees and return of their half of the Special Master's fee in the amount of $11,800.00. Under their Loadstar analysis, they believe it's reasonable to spend nearly 4 1/2 full weeks of attorney time plus a full day of paralegal time to prepare a single motion and attend a single hearing. Not 4 1/2 days mind you but 4 1/2 weeks at 8 hours a day. With all due respect to counsel, this is an extreme overreach.

15. Again, with all due respect to counsel, It is patently unreasonable to maintain this single motion and a single hour-and-a-half hearing would take a month and two days to conclude working full time, 8 hours a day. 10 hours maybe, 20 at the outside, but I cannot imagine a universe in which it would take a month and two days to prepare a 14-page motion and attend a

one-and-a-half hour hearing.

16.     An attorney fee award must be reasonable. *Crow v. Penrose-St. Francis Healthcare Sys.*, 262 P.3d 991, 998 (Colo. App. 2011). "The reasonableness of attorney fees is a question of fact for the district court, and its ruling will not be reversed on appeal unless it is 'patently erroneous' or 'unsupported by the evidence.' " *Id.* (quoting *Double Oak Constr., L.L.C. v. Cornerstone Dev. Int'l, L.L.C.*, 97 P.3d 140, 152 (Colo. App. 2003).

17.     I don't object to paying for my mistakes. I recognize that reasonableness means different things to different people.  All I'm asking for is what's fair and what is reasonable in light of all the circumstances.

WHEREFORE, Counsel for the defendant respectfully requests this court award twenty (20) hours of attorney time at $400.00 per hour for a total of $8,000.00 in fees and Crowe's fees in the amount of $1,843.76.

RESPECTFULLY SUBMITTED,

/s/Randall J. Paulsen
RANDALL J. PAULSEN & ASSOC. P.C.
1724 Majestic Drive, Suite 109-B
303-426-7336
randy@rjpaulsenlaw.com

# CERTIFICATE OF SERVICE

      I hereby certify that on the 11th day of July 2024, a true and correct copy of the foregoing was electronically filed with the clerk of court using the CM/ECF system which will send notification of such filing to the following individuals:

**COUNSEL FOR PLAINTIFF**
**Nathanial**
**Wallshein**
**Christian Schulte**
**PETERS SCHULTE ODIL AND WALLSHEIN LLC**
**6125 Sky Pond**
**Drive Suite 350**
**Loveland, Colorado 80538**

**Drake Hill**
**HILL LAW FIRM LLC**
**2616 Carey Avenue**
**Cheyenne, Wyoming 82001**

                                                                             */s/   Dillon   O'Brien*