IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-03488-DDD-SBP

KOSMICKI INVESTMENT SERVICES LLC,

    Plaintiff,

v.

JOSEPH DURAN,

    Defendant.

# ORDER

**Susan Prose, United States Magistrate Judge**

This matter is before the court on plaintiff Kosmicki Investment Services LLC's ("KIS") Motion for Sanctions and Order of Civil Contempt, ECF No. 111 ("Motion"), and amended request for sanctions contained within Plaintiff's status report filed March 6, 2025, ECF No. 114 ("Amended Request"), after those motions were referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF Nos. 112, 115. For the reasons below, the Motion and Amended Request are **DENIED**.

Previously, the court sanctioned defendant Joseph Duran and his attorney, Randall Paulsen,[1] and ordered them to pay KIS's attorney's fees and costs in the amount of $120,043.88 by February 13, 2025. ECF Nos. 96 at 20-21; 110 at 12. Mr. Duran did not remit payment by February 13, prompting KIS to file the Motion seeking additional sanctions in the form of a

---

[1] For simplicity's sake, the court will refer to both Messrs. Duran and Paulsen simply as Mr. Duran. The court will specifically refer to Mr. Paulsen individually when necessary.

1

default judgment on the issue of liability in this case. Motion ¶ 10. Mr. Paulsen tendered a check to KIS on February 19, 2025, in the amount of $120,174.63. ECF No. 113 at 1-2; Amended Request at 1. Mr. Duran admits that he failed to make payment by the court's deadline but maintains that he has made up for that delay by paying KIS just six days later and with interest.

KIS concedes in its Amended Request that a default judgment on the issue of liability is no longer warranted as a sanction. Amended Request ¶ 6. Nevertheless, it now requests that the court impose a lesser sanction under Federal Rule of Civil Procedure 37(b)(2)(A)(i). *Id.* More specifically, KIS asks that the court order that it be taken as established that Mr. Duran "intentionally accessed a protected computer without authorization as defined by 18 U.S.C.A § 1030(a)." *Id.* (emphasis deleted).

The court harbors some doubt whether Rule 37 authorizes sanctions for Mr. Duran's failure to meet the court's deadline to pay KIS's fees and costs. *See* ECF No. 116 ¶ 5 (assertion by Mr. Paulsen that "Rule 37 does not speak to a minor delay in the payment of attorney fees, but rather, to the substantive issue of a discovery violation"). But federal courts have certain "inherent powers" which are not conferred by rule or statute "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). These powers include a court's "ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). Here, however, the court does not find that any additional sanctions are warranted.

Any prejudice caused by Mr. Duran's delay in paying KIS—just six days—is minimal and was easily rectified by Mr. Duran paying the original amount ordered by the court, plus interest for his delay. While the court expects Mr. Duran to adhere more closely to the court's

2

deadlines, and reiterates that it may impose additional sanctions should he fail to comply with the court's orders, *see* ECF No. 96 at 19, the court respectfully exercises its discretion pursuant to its inherent power to control this docket to decline to impose further sanctions on this basis. *See, e.g.*, *Crocs, Inc. v. Effervescent, Inc.*, 278 F. Supp. 3d 1182, 1193 (D. Colo. 2017) ("Inherent powers are the exception, not the rule, and their assertion requires special justification in each case. Like all applications of inherent power, the authority to sanction bad-faith litigation practices can be exercised only when necessary to preserve the authority of the court.") (cleaned up) (quoting *Chambers*, 501 U.S. at 64); *O'Rourke v. Dominion Voting Sys. Inc.*, 552 F. Supp. 3d 1168, 1187 (D. Colo. 2021) ("Because of their very potency, inherent powers must be exercised with restraint and discretion. But it is undisputed that a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.") (cleaned up) (quoting *Chambers*, 501 U.S. at 44-46, and *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 (1975)), *modified on reconsideration*, No. 20-cv-03747-NRN, 2021 WL 5548129 (D. Colo. Oct. 5, 2021).

Accordingly, the Motion for Sanctions and Order of Civil Contempt, ECF No. 111, and amended sanctions request in KIS's Status Report, ECF No. 114, are **DENIED**. Mr. Duran's request to file a revised Motion for Summary Judgment, *see* ECF No. 116 ¶ 10, is **DENIED without prejudice** to refiling by a formal motion.[2]

---

[2] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See*

DATED: April 21, 2025　　　　　　　BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

*Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").